## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

Steven McCorquodale,                                    File No. 20-cv-518 (ECT/TNL)

        Plaintiff,

v.                                                      **OPINION AND ORDER**

Dollar General Corporation,

        Defendant.

Steven McCorquodale, *pro se*.

Andrew E. Tanick, Ogletree Deakins, Minneapolis, MN, for Defendant Dollar General Corporation.

Pro se Plaintiff Steven McCorquodale sued his former employer, Defendant Dollar General Corporation, in Minnesota state court alleging Dollar General discriminated against him based on his age and retaliated against him in violation of federal and Minnesota law. Dollar General removed the case to federal court and has moved to dismiss McCorquodale's complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. ECF No. 5. Dollar General seeks dismissal with prejudice on the ground that the statute of limitations on McCorquodale's claims has since expired. *Id.* Dollar General's Rule 12(b)(5) motion will be denied because fact disputes concerning service cannot be resolved on the current record. Dollar General will be permitted to refile its motion, however, and if it does, an evidentiary hearing will be scheduled to resolve these fact disputes. Service of process aside, it is true that McCorquodale's claims may be

barred by statutes of limitation, but it also would be inappropriate to dismiss the case for

that reason because McCorquodale's complaint and submissions are not self-defeating on

this basis.

I

McCorquodale filed a charge of age discrimination and retaliation with the Equal

Employment Opportunity Commission ("EEOC") in October 2018, and his EEOC charge

was cross-filed with the Minnesota Department of Human Rights ("MDHR").  Kell Decl.,

Exs. 1–2 [ECF No. 8-1 at 1–6].  McCorquodale alleged the following facts as the basis for

his charge:

> I began working for Respondent in September 2014.  I
> progressed well and was in the process of being promoted to
> District Manager when I got a new Regional Manager.  He
> removed me from the final steps of the selection process and
> hired 2 younger DMs with less experience.  I complained to
> Respondent about the discrimination in May.  [Three] weeks
> later, on June 13, 2018, I was terminated after I was assaulted
> at work.  I had never been disciplined for similar incidents in
> the past.  Others were not disciplined.

*Id.*, Ex. 1 [ECF No. 8-1 at 2].  McCorquodale wrote that Dollar General's stated reason for

his termination was that he "violated the violence in the workplace policy."  *Id.*  Based on

its investigation, the EEOC was "unable to conclude that the information [it] obtained

establishe[d] violations of the statutes," and it sent McCorquodale a notice of dismissal and

right to sue on October 31, 2019.  *Id.*, Ex. 3 [ECF No. 8-1 at 8].  The letter notified

McCorquodale of his right to "file a lawsuit against the respondent(s) under federal law

based on this charge in federal or state court[,]" and that any "lawsuit **must be filed**

**<u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge

2

will be lost." *Id.*  On December 5, 2019, the MDHR sent McCorquodale a similar letter notifying him of the dismissal of the charge. *Id.*, Ex. 4 [ECF No. 8-1 at 10].  The MDHR's letter also explained that "[t]he charging party may have the right to bring a private civil action in state District Court within **45 days** of receipt of notice of MDHR's dismissal of this charge." *Id.*

McCorquodale filed this case in Minnesota State District Court, Anoka County, on January 15, 2020.  Notice of Removal ¶ 1 [ECF No. 1].  He then made two attempts to serve process on Dollar General.  He first attempted to serve the summons and complaint by sending it via certified mail to Dollar General's corporate headquarters in Tennessee, where it was received on January 20.  Kell Decl. ¶ 6 [ECF No. 8]; *id.*, Ex. 5 [ECF No. 8-1 at 12–17].  Dollar General removed the case to federal court on February 14 [ECF No. 1] and moved to dismiss for insufficient service of process [ECF No. 5].  After receiving Dollar General's motion, McCorquodale attempted service a second time.  On March 10 or 11, 2020, an agent acting on his behalf personally served the summons and complaint on a receptionist in the lobby of Dollar General's headquarters in Goodlettsville, Tennessee.  Mem. in Opp'n, Ex. 8 [ECF No. 14 at 17]; Campbell Decl. ¶¶ 1, 4 [ECF No. 18].

McCorquodale and Dollar General dispute the facts of McCorquodale's second attempted service.  McCorquodale filed the affidavit of his process server, Scott Nance, who testified that on March 11 he personally delivered a copy of the summons and complaint to a Dollar General employee named Ashley Campbell who, Nance testified, "accepted service" on Dollar General's behalf.  Mem. in Opp'n, Ex. 8.  Dollar General

3

disputed the assertion that Campbell accepted service on its behalf.  In a declaration, Campbell testified that she is a "Lobby Receptionist," that she is "not an officer or a managing agent or general agent of Dollar General," and that she is not "authorized to receive service of Summons on behalf of Dollar General or any related entity."  Campbell Decl. ¶ 2.  Campbell continued: "When someone comes to my reception desk and wants to serve process, I ask one of the company's attorneys to come out to the reception area and accept service, because I am not authorized to do so." *Id.* ¶ 3.  Campbell then testified that "[o]n March 10, 2020, an individual arrived at the reception desk when [she] was on duty working there.  When [Campbell] asked him how [she] could help him, he indicated that he had something to drop off for the Legal Department." *Id.* ¶ 4.  Campbell testified that she "asked him if the delivery was a Summons, in which case he would need a lawyer to sign for it," but that he told her it was not a summons and "he was just dropping something off." *Id.* ¶ 5.  Campbell testified that she "asked him if he was sure that the delivery was not a Summons, and he confirmed that it was not." *Id.* ¶ 6.  She testified that she "told him again that [she] could not sign for any legal document, and he said it was 'just a delivery.'" *Id.* ¶ 7.  McCorquodale responded to Campbell's declaration with a declaration from Nance.  In it, Nance testified that he served McCorquodale's summons and complaint "[o]n Wednesday[,] 03/11/2020 at 9:19 AM."  Nance Decl. ¶ 1 [ECF No. 21].  Nance testified that "Campbell presented her identification as [a] person in charge to accept service" and that he "informed her that [he was serving] a Summons and Complaint." *Id.* ¶¶ 3, 5.  He testified that "Campbell then accepted service and [he] recorded it as so." *Id.* ¶ 6.  Nance went further and testified that he had "served legal documents to Dollar General

Corporation before with Ashley Campbell," that he "never had a problem with her signing any and all services legal or otherwise," that Campbell never "drilled [him] with questions," and that "[i]n servicing of all legal documents, [he has] never had someone have to come and sign for them or have that mentioned, as Ashley Campbell has signed for them herself." *Id.* ¶¶ 7–9.

## II

### A

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843). "In reviewing a motion to dismiss for insufficient service, the Court is required to consider matters outside the pleadings, including affidavits of service." *Rimmer v. John Doe, Inc.*, No. 13-cv-548 (JNE/JJG), 2013 WL 5655865, at *2 (D. Minn. Oct. 16, 2013) (citing *Devin v. Schwan's Home Servs., Inc.*, No. 04-cv-4555 (RHK/AJB), 2005 WL 1323919, at *2 (D. Minn. May 20, 2005)). Considering such evidence does not convert the motion into one for summary judgment under Rule 56. *Id.*; *Devin*, 2005 WL 1323919, at *2. To survive a motion to

dismiss for insufficient service, "the plaintiff must establish prima facie evidence that there was sufficient . . . service of process." *Hahn v. Bauer*, No. 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir. 1995)). "A prima facie case is '[t]he establishment of a legally required rebuttable presumption' or where '[a] party's production of enough evidence [allows] the fact-trier to infer the fact at issue and rule in the party's favor.'" *Devin*, 2005 WL 1323919, at *3 (quoting Black's Law Dictionary 1228 (8th ed. 2004)).

When a case is removed to federal court and the pre-removal, state-court service of process is challenged, the federal court must determine the sufficiency of service based on the state law of the jurisdiction in which the case was filed—here, Minnesota. *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015); *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003). Minnesota's long-arm statute allows for service of process upon a nonresident defendant by "personally serving the summons upon the defendant," or "in any other manner . . . provided by law or the Minnesota Rules of Civil Procedure." Minn. Stat. § 543.19, subds. 2, 4. A plaintiff may serve a foreign corporation "by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons," Minn. R. Civ. P. 4.03(c), or through the Minnesota Secretary of State under certain circumstances, Minn. Stat. § 5.25, subd. 4. A plaintiff also may request that a defendant waive service by mailing a written notice and request including, among other requirements, a copy of the complaint and an acknowledgment form to be returned to the plaintiff. Minn. R. Civ. P.

4.05(a).  Regardless of the method used, "[s]tatutory provisions for service of notice must be strictly followed in order for a court to acquire jurisdiction."  *In re Skyline Materials, Ltd.*, 835 N.W.2d 472, 477 (Minn. 2013) (citation omitted).  "Service of process in a manner not authorized by the rule is ineffective service."  *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997).

McCorquodale's first attempted pre-removal service did not comply with Minnesota law.  McCorquodale did not send Dollar General a request to waive service, as Minnesota's Rule 4.05 allows; he attempted to serve Dollar General by certified mail.  *See* Kell Decl. ¶ 6.  Minnesota law does not permit service upon a nonresident defendant by certified mail.  *See Melillo v. Heitland*, 880 N.W.2d 862, 865 (Minn. 2016) ("[T]he rules governing service by mail, personal service, and return of service are clear and unambiguous.  Service by certified mail does not comply with them.").  McCorquodale's attempted service did not comply with Rule 4.05 because it did not include an acknowledgement form, and it did not comply with Rule 4.03(c) because it was not personal service.  *See id.* at 864 ("To state the obvious: service by mail is not personal service, and personal service is not service by mail.").  McCorquodale's contention that service by certified mail "was obviously successful" because Dollar General received his complaint and responded by removing the case to federal court is factually accurate but legally irrelevant.  Mem. in Opp'n at 3 [ECF No. 13].  Actual notice of a lawsuit does not cure ineffective service, nor does it suffice to establish personal jurisdiction over the defendant.  *See Adams*, 74 F.3d at 885; *Jaeger v. Palladium Holdings, LLC*, 884 N.W.2d 601, 609 (Minn. 2016) ("[W]e have interpreted service rules in accordance with their plain

language regardless of whether the intended recipient has received actual notice of the action."); *Thiele v. Stich*, 425 N.W.2d 580, 584 (Minn. 1988) ("Actual notice will not subject defendants to personal jurisdiction absent substantial compliance with Rule 4." (citations omitted)).   In other words, establishing that Dollar General received McCorquodale's summons and complaint does not prove that service complied with Minnesota law or that Dollar General waived its right to be served in compliance with Minnesota law.  *See Melillo*, 880 N.W.2d at 865 ("When [the defendant] signed for an envelope, he did not admit or acknowledge that he had received a summons and complaint. He acknowledged that he had received an envelope.  By comparison, [Rule 4.05] calls for an acknowledgment that a summons and complaint has been received."); *see also Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) ("[R]eceipt of documents is not the same as service of process, and thus, an admission of receipt of documents is not an admission that process was served." (citation omitted)).

As described, McCorquodale's second attempted service occurred after Dollar General removed the case, and after removal sufficiency of service is determined by federal law.  *Barner*, 796 F.3d at 900 (citing Fed. R. Civ. P. 81(c)(1)).  Under Rule 4(h), a domestic corporation must be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual[,] or by deliver[y] . . . to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1).  Under Rule 4(e)(1), service is effective if it "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Minnesota's rules of

service (where the district court is located) were described earlier, and Tennessee's rules of service (where service was attempted) mirror Minnesota's.  Service upon a corporation may be made "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, . . . or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."  Tenn. R. Civ. P. 4.04(4).  An "agent" may have express or implied authority but, "[i]n the context of serving process, the record must contain 'evidence that the defendant intended to confer upon [the] agent the specific authority to receive and accept service of process for the defendant.'"  *Hall v. Haynes*, 319 S.W.3d 564, 573 (Tenn. 2010) (quoting *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002)).  An individual's "mere acceptance of process in a single instance does not constitute valid service."  *Id.* at 574–75 (citation omitted).  Tennessee law "is clear that acting as a corporation's agent for some other purpose does not automatically make a person the corporation's agent for accepting service of process."  *Id.* at 575–76 (citation omitted).  Rather, service upon a corporation may "be made upon a representative so integrated with the organization that [s]he will know what to do with the papers" and "who stands in such a position as to render it fair, reasonable and just to imply the authority on h[er] part to receive service."  *Id.* at 575 (quoting *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528, 531 (Tenn. 1983)).

Here, Dollar General and McCorquodale's submissions—the Campbell and Nance declarations—tell competing stories that cannot be reconciled.  Campbell has testified essentially that she is not authorized to accept service, that she told Nance that more than once when he attempted service, and that Nance reassured her he was not serving process.

9

*See generally* Campbell Decl.   If Campbell's testimony is accurate, McCorquodale's second attempt at service of process was insufficient.   Nance has testified that he told Campbell he was serving process, that Campbell confirmed her authority to accept service, and that Campbell accepted service.   Nance Decl. ¶¶ 1–6.   Nance also has testified that he has served process on "Dollar General Corporation before with Ashley Campbell," that he "never had a problem with her signing any and all services legal or otherwise," and that Campbell never has asked him questions like those she described in her declaration.   *Id.* ¶¶ 7–9.   If Nance's testimony is accurate, this attempt at service was sufficient.   The problem is that there is no basis to accept one declaration over the other.   Neither declaration, for example, includes obviously problematic testimony that might justify an adverse credibility determination.

When adverse parties submit contradictory information regarding service of process and there is no way to resolve fact disputes on the paper record, the proper course is to conduct an evidentiary hearing.   *E.g.*, *Redden v. Jenkins*, No. 15 C 10819, 2017 WL 4281125, at **1, 4 (N.D. Ill. Sep. 27, 2017); *Sprint Nextel Corp. v. Yoak*, No. 4:13CV01292 AGF, 2014 WL 2894931, at **1–4 (E.D. Mo. June 26, 2014).   Here, it is not clear that proceeding to an evidentiary hearing makes sense or will be necessary.   Dollar General has not requested an evidentiary hearing.   Nor has McCorquodale.   In a letter responding to McCorquodale's submissions, Dollar General did not challenge Nance's declaration but argued instead that, if McCorquodale's "attempted service occurred on March 10, 2020," then statutes of limitation bar his claims.   ECF No. 22.   In other words, as Dollar General describes things, the sufficiency of service may not be relevant to whether statutes of

10

limitation bar McCorquodale's claims. *Id.* That, of course, does not mean Dollar General has accepted Nance's account of service. It does suggest that Dollar General may opt to focus its arguments for dismissal or summary judgment on its statutes-of-limitation affirmative defenses rather than a comparatively expensive evidentiary hearing to resolve disputed facts concerning the sufficiency of service. Fed. R. Civ. P. 1. For these reasons, Dollar General's motion to dismiss for insufficient service of process will be denied without prejudice to Dollar General's right to re-file the motion and proceed with an evidentiary hearing.

B

Dollar General's contention that statutes of limitation bar McCorquodale's claims regardless of the sufficiency of service seems the same as arguing that McCorquodale's complaint should be dismissed for failing to state a claim upon which relief can be granted under Rule 12(b)(6). In some circumstances, a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) based on an affirmative defense. Why this is so requires some explanation. A statute of limitations is an affirmative defense that defendants bear the burden to plead and prove. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (citations omitted). "Such statutes also typically permit courts to toll the limitations period in light of special equitable considerations." *Id.* (citations omitted). A statute of limitations defense is not ordinarily a ground for dismissal under Rule 12(b)(6), "unless the complaint itself establishes the defense." *Jessie v. Potter,* 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citing *Varner v. Peterson Farms,* 371 F.3d 1011, 1017–18 (8th Cir. 2004)). As Wright, Miller, and Kane explain in their treatise:

11

> As the case law makes clear, the complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion. . . . [I]n addition to the claim[,] the contents of the complaint include[ ] matters of avoidance that effectively vitiate the pleader's ability to recover on the claim. . . . [T]he complaint is said to have a built-in defense and is essentially self-defeating. Thus, the problem is not that the plaintiff merely has anticipated the defendant's answer and tried to negate a defense he believes his opponent will attempt to use against him; rather, the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.

5B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1357 (3d ed. & Apr. 2020 Update) (footnotes omitted).

Here, McCorquodale's complaint does not "establish" that statutes of limitation bar his claims. The complaint alleges the opposite—that it is "in accordance with the 90 day Notice of Right to Suit dated Oct. 31, 2019." Compl. ¶ 5. The complaint alleges no facts establishing that it is barred by statutes of limitation. It is true that the EEOC and MDHR right-to-sue letters appropriately may be considered on a Rule 12(b)(6) motion because they are "necessarily embraced by the complaint." *Wesman v. United Parcel Serv., Inc.*, No. 08-cv-457 (DSD/SRN), 2008 WL 2564458, at *3 n.3 (D. Minn. June 24, 2008) (citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)) (considering EEOC and MDHR notices on motion to dismiss); *Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 860 n.2 (S.D. Iowa 2007) (finding EEOC and Iowa Civil Rights Commission administrative releases were "necessarily embraced by the complaint" and collecting cases); *see also Enervations, Inc.*, 380 F.3d at 1069 ("Though matters outside

the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading.") (citations and internal quotation marks omitted).   However, in his submission opposing Dollar General's motion, McCorquodale identifies the dates he received the EEOC and MDHR right-to-sue letters and argues in essence that his filing of this case in state court met both the 90-day deadline in the EEOC letter (which the letter says explicitly is a "filed"-by deadline) and the 45-day deadline to "bring a private civil action" described in the MDHR letter.   Mem. in Opp'n at 1–3.   McCorquodale fairly may be understood to advance an equitable tolling argument, and it would be inappropriate to resolve that argument in this context.

## ORDER

Based upon all the files, records, and proceedings in this case, **IT IS ORDERED** that Defendant's Motion to Dismiss for insufficient service of process [ECF No. 5] is **DENIED** without prejudice to being refiled should Defendant seek an evidentiary hearing as described above.


Dated:  May 29, 2020                    s/ Eric C. Tostrud
                                        Eric C. Tostrud
                                        United States District Court


13